UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY WAYNE FERRELL, | § | |
| No. 809975, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | NO. 3:03-CV-1654-K |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner Rodney Wayne Ferrell ("Ferrell" or "Petitioner") is confined at the Terrell Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Rosharon, Texas. Respondent is the Director of the TDCJ-CID.

**Statement of the Case:** On February 6, 1997, Petitioner plead guilty in cause number F96-34703-HT to the offense of aggravated robbery. The trial judge deferred a finding of guilt and placed Ferrell on probation for a period of eight years.

1

On December 11, 1997, Petitioner plead true to the allegation that he violated ten conditions of his deferred adjudication probation. The trial judge adjudicated Ferrell guilty of aggravated robbery and sentenced him to ten years imprisonment.

Petitioner appealed his sentence to the Fifth District Court of Appeals and on November 4, 1999, the court dismissed his appeal for want of jurisdiction. *Ferrell v. State*, No. 05-98-00033-CR (Tex. App. – Dallas Nov. 4, 1999). The court denied Ferrell's motion for rehearing on January 12, 2000. Petitioner filed a petition for discretionary review ("PDR"), which was refused by the Texas Court of Criminal Appeals on June 27, 2001. Thereafter, Ferrell filed a motion for extension of time to file a motion for rehearing on August 3, 2001, which was refused by the Texas Court of Criminal Appeals on the same day.

On August 23, 2002, pursuant to Texas Code of Criminal Procedure article 11.07, Ferrell filed a habeas application challenging his conviction. *Ex parte Ferrell*, Appl. No. 55,619-01 at 2. Ferrell's application was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing on May 14, 2003. *Ex parte Ferrell*, Appl. No. 55,619-01 at cover.

Petitioner filed the instant petition on July 18, 2003.[1] On October 3, 2003, Respondent filed his answer contending that the petition is time-barred. Respondent did not address the merits of Ferrell's claims. Ferrell filed his traverse on October 23, 2003.

**Findings and Conclusions:**

---

[1] Under the "mailbox rule," a prisoner's federal habeas corpus petition is deemed filed when he delivers it to prison officials for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Ferrell signed his federal habeas petition on July 18, 2003. It was filed stamped on July 22, 2003. For the purposes of this recommendation, it is assumed that Ferrell placed his § 2254 petition in the prison mail system on the date he signed his petition.

Petitioner raises ten substantive issues in his petition. Six of these claims relate to the proceeding where Ferrell pled guilty to the offense of aggravated robbery and the trial court placed him on deferred adjudication probation. Three of Petitioner's four remaining claims involve allegations of denial of counsel during the post-conviction, pre-appeal period following the adjudication of guilt. Ferrell's final argument addresses errors allegedly committed by the Texas Court of Criminal Appeals. Petitioner's allegations need not be addressed on the merits because he has failed to file his petition within the statutory period required by the Antiterrorism and Effective Death Penalty Act ("AEDPA").[2] 28 U.S.C. § 2244(d)(1) (1996).

Ferrell filed his § 2254 petition after the effective date of the AEDPA. It is thus subject to a one year statute of limitations. § 2244(d)(1). Absent specific circumstances set forth in Sections (d)(1)(B) through (d)(1)(D), this limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The running of the limitations period will be tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

**Ineffective Assistance of Counsel at the Plea Proceeding**

Ferrell argues that he was denied the effective assistance of trial counsel, and therefore, his guilty plea was involuntary, because trial counsel: (1) failed to advise Petitioner of the consequences of his plea, (2) relied solely on the facts presented by the state, (3) failed to

---

[2] Petitioner's claim regarding errors allegedly committed by the Texas Court of Criminal Appeals is not time-barred. However, it is not a proper allegation for federal habeas relief and is thus without merit. *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992), *cert. denied*, 507 U.S. 1056, 113 S. Ct. 1958 (1993) ("Infirmities in state habeas proceedings do not constitute grounds for federal habeas relief").

3

investigate an alternative suspect, (4) erroneously advised Petitioner to plead guilty, (5) instructed Petitioner to sign documents without explaining their contents, and (6) instructed Petitioner to commit perjury at the plea hearing.

The United States Court of Appeals for the Fifth Circuit recently held that an order placing a defendant on deferred adjudication probation is a final judgment for purposes of section 2244 of the AEDPA. *Caldwell v. Dretke*, No. 03-40927, 2005 WL 2766688, at *6 (5th Cir. Oct. 26, 2005). The court limited its holding to instances where "a petitioner challenges substantive issues relating to an original order of deferred adjudication probation." *Id.* at *9 n.24. Petitioner's six ineffective assistance of trial counsel claims are governed by *Caldwell* because they relate to the original proceeding where Ferrell was placed on deferred adjudication probation.

Ferrell was placed on probation on December 11, 1997. Under Texas law, he had 30 days from the date the sentence was imposed to file a notice of appeal. Tex. R. App. P. 26.2(a)(1); *see also Caldwell*, 2005 WL 2766688, at *7. However, Ferrell did not appeal this order. Accordingly, Ferrell's sentence became final for purposes of section 2244(d)(1)(A) on January 10, 1998, 30 days after the deferred adjudication order was entered. Because Ferrell sought no state habeas relief during the one year time period following the entry of the order of probation, the limitations period for his claims in ground one expired on January 11, 1999.[3] Ferrell did not file his federal habeas petition until July 18, 2003,[4] well beyond the one year limitations period.

---

[3] The one year limitations period expired on January 10, 1999. However, because that date fell on a Sunday, the limitations period was extended to the following Monday, January 11, 1999. *See* Fed. R. Civ. P. 6(a); *Flanagan v. Johnson*, 154 F.3d 196, 200-01 (5th Cir. 1998).

[4] *See* note 1, *supra*.

4

Notwithstanding the untimeliness of Ferrell's federal petition, the limitations period may be equitably tolled under "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S. Ct. 1474 (1999). A "garden variety claim of excusable neglect does not support equitable tolling." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564 (2000) (quoting *Rashidi v. Amer. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Ferrell has not identified any circumstances that might warrant equitable tolling. He argues that he was unable to pursue state habeas relief until after his probation was revoked and his conviction became final. However, in *Caldwell*, the United States Court of Appeals for the Fifth Circuit noted that a defendant placed on deferred adjudication probation may immediately seek state habeas relief under Texas Code of Criminal Procedure articles 11.05, 11.08 and 11.23. 2005 WL 2766688, at *6. Consequently, Ferrell had an avenue for seeking state habeas relief.

Likewise, Ferrell's status as a *pro se* petitioner, by itself, does not excuse his delay in filing his federal petition. *See Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir 2002), *cert. denied*, 538 U.S. 947, 123 S. Ct. 1621 (2003) (incorrect interpretation of ADEPA filing deadlines by incarcerated *pro se* prisoner did not warrant equitable tolling); *see also Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035, 121 S. Ct. 622 (2000) (noting that proceeding *pro se* is not an "exceptional circumstance" that requires equitable tolling). In fact, Ferrell has successfully complied with filing requirements in at least two previous federal lawsuits. *See Ferrell v. Bowles*, 91 Fed. Appx. 949 (5th Cir. 2004), *Ferrell v. Barr*, 253 F.3d 702 (5th Cir. 2001). Consequently, no grounds for equitable tolling exist, and all claims related to the original proceeding in which probation was imposed are time-barred.

**Denial of Counsel During the Post-Conviction, Pre-Appeal Stage**

Ferrell alleges that he was denied counsel during the 30-day period following the adjudication of guilt because: (1) the trial court terminated counsel's appointment without notice, (2) counsel ended representation without officially withdrawing on the record and without properly notifying Petitioner, and (3) counsel ignored Petitioner's request to file a notice of appeal. Respondent argues that Ferrell's claims in this ground are time-barred. A careful review of the timeline of events demonstrates that Ferrell's petition was filed after the expiration of the one year AEDPA limitations period.

Ferrell's probation was revoked on December 11, 1997. He filed an appeal, which was dismissed for want of jurisdiction on November 4, 1999. *Ferrell v. State*, No. 05-98-00033-CR (Tex. App. – Dallas Nov. 4, 1999). On January 12, 2000, the Fifth District Court of Appeals denied his motion for a rehearing. Petitioner then filed a PDR which the Texas Court of Criminal Appeals refused on June 27, 2001. On August 3, 2001, Ferrell filed a motion for extension of time to file a motion for rehearing, which was refused by the Texas Court of Criminal Appeals on the same day.

Respondent argues that Ferrell's conviction became final on January 10, 1998, thirty days after the adjudication of guilt. Respondent relies on Texas case law and a 1945 non-habeas United States Supreme Court case to support his argument that the time elapsed while Ferrell's appeal was pending does not operate to extend the starting date of the limitations period because Ferrell's appeal was dismissed for want of jurisdiction. However, the United States Court of Appeals for the Fifth Circuit, has held that "a defendant participates in direct review when he timely files an appeal, regardless of whether it is dismissed for want of jurisdiction." *Foreman v.*

*Dretke*, 383 F.3d 336, 340 (5th Cir. 2004). Therefore, direct review was not complete on January 10, 1998.

In the alternative, Respondent argues that the statute of limitations began running on September 25, 2001, 90 days after the Texas Court of Criminal Appeals refused Petitioner's PDR. Ferrell, on the other hand, argues that the limitations period began running on November 1, 2001, 90 days after the Texas Court of Criminal Appeals denied Ferrell's motion for extension of time to file a motion for rehearing. However, Ferrell's argument is without merit, because he filed his motion for extension of time after the direct appeals process concluded. See Tex. R. App. P. 79.1 ("A motion for rehearing may be filed with the Court of Criminal Appeals clerk within 15 days from the date of the judgment or order."); Tex. R. App. P. 79.6 ("The Court may extend the time for filing a motion or a further motion for rehearing if a party files a motion complying with Rule 10.5(b) within the time for filing a motion or further motion for rehearing."). Ferrell's untimely motion did not delay the starting date of the limitations period. *See*, *e.g.*, *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005) (holding that an untimely state habeas petition was not properly filed and did not serve to toll the limitations period).

Therefore, the judgment became final on September 25, 2001, when the time for filing a writ of certiorari in the United States Supreme Court expired. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (where prisoner does not file a petition for a writ of certiorari to the United States Supreme Court, the conviction becomes final 90 days after the Texas Court of Criminal Appeals refuses the PDR). Thereafter, 333 days expired before Ferrell filed his state habeas application on August 23, 2002. The limitations period was tolled until May 14, 2003, when the Texas Court of Criminal Appeals denied his application. The statute of limitation then

ran for another 66 days before Ferrell filed his federal petition on July 18, 2003. Ferrell's federal petition is untimely because it was filed over one month after the one-year limitations period ended.

Ferrell argues that the limitations period should be equitably tolled. However, he has cited no "rare and exceptional" circumstances that would warrant equitable tolling. *See Davis*, 158 F.3d at 811. He has offered no explanation for having waited more than a year after his PDR was refused by the Court of Criminal Appeals and 333 days after his conviction became final before filing his article 11.07 application. *See Ott v. Johnson,* 192 F.3d 510, 514 (5th Cir.1999), *cert. denied,* 529 U.S. 1099 (2000) (holding that a petitioner who waits to file his state habeas corpus application until the limitations period is almost expired is not entitled to equitable tolling.) Petitioners who fail to diligently seek post-conviction relief are not entitled to equitable tolling. *See Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001). Therefore, equitable tolling should not be applied to Ferrell's claims relating to the revocation proceeding.

RECOMMENDATION:

For the foregoing reasons it is recommended that the district court dismiss the petition because it is time-barred.

A copy of this recommendation shall be transmitted to the Petitioner and to counsel for Respondent.

Signed this 6th day of December, 2005

_____
Wm. F. Sanderson, Jr.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.